UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KHAN & SON COMPANY, INC. d/b/a BIN'S MART <br><br> Plaintiff <br><br> v. <br><br> UNITED STATES of AMERICA <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**THE PLAINTIFF KHAN & SON COMPANY, INC.'S COMPLAINT FOR JUDICIAL REVIEW PURSUANT TO 7 U.S.C. §2023 OF THE UNITED STATES DETEMINATION OF ALLEGED SNAP VIOLATIONS AND IMPOSITION OF SIX MONTH DISQUALIFICATION**

**INTRODUCTION**

The Plaintiff, Khan & Son Company, Inc. d/b/a Bin's Mart, hereby seeks judicial review of the administrative determination of the United States Department of Agriculture (hereafter "the USDA) that it or its store violated 7 CFR §278.2(a) by the alleged sale of non-eligible food items in exchange for SNAP benefits on four occasions between August 25 and September 2, 2022 and its imposition of a six month disqualification of his permit to accept and redeem SNAP benefits. The Plaintiff contends that the USDA's determination is clearly invalid in that it failed to duly consider and take into account several relevant and important factors in the Plaintiff's case and that its imposition of a six-month disqualification against Bin's Mart is arbitrary, capricious, and unsupported by the evidence. Therefore, the USDA's determination of SNAP violations and its imposition of a six-month disqualification should be set aside.

**PARTIES**

1.      The Plaintiff, Khan & Son Company, Inc., is a corporation duly organized under the laws of the Commonwealth of Massachusetts and has a principal place of business at 309 Whittenton

Street, City of Taunton, Commonwealth of Massachusetts. The Plaintiff is the owner of Bin's Mart, a small variety store located at 309 Whittenton Street, City of Taunton, Commonwealth of Massachusetts.

2. The United States of America is a government entity located principally in Washington, D.C.

## JURISDICTIONAL STATEMENT

3. This Court has jurisdiction pursuant to 28 U.S.C. §1346 as the United States of America is the defendant in this action.

## FACTUAL BACKGROUND

4. On March 19, 2016, the Plaintiff purchased Bin's Mart at 309 Whittenton Street, in Taunton, Massachusetts.

5. Thereafter, the Plaintiff has owned and operated Bin's Mart as a small convenience store which offers its customers and the surrounding community a variety of food and non-food items, including such basic and wholesome products as milk, bread, cheese, soup, cereal as well as fruits and vegetables.

6. Subsequently, the Plaintiff applied for a permit with the USDA Food and Nutritional Service to participate in the Supplemental Nutrition Assistance Program (SNAP) and accept and redeem SNAP benefits in exchange for food items offered and sold at Bin's Mart. The USDA then reviewed the Plaintiff's application and upon approval of same, the USDA issued on May 2, 2016 a permit to Bin's Mart. Shortly thereafter, Bin's Mart began to accept SNAP benefits from its customers for food items at its store and the amount of SNAP sales has increased over time.

7. Monzur Khan (hereafter "Monzur") is an owner of the Plaintiff and has worked as a manager at Bin's Mart since its inception, performing such tasks as ordering and stocking store merchandise, making bank deposits, hiring and discharging employees, and ensuring that the

store is clean and well-maintained during operating hours.

8.    Monzur has hired several individuals since the acquisition of Bin's Mart to assist in the operation of the store.  After being hired, the new employee is trained by an experienced staff member who spends several weeks training and supervising the employee on how to *inter alia* operate the cash register and to follow the regulations and procedures under the SNAP program, including the need to separate food and non-food items and to decline SNAP benefits for ineligible non-food items.   Further, Monzur addresses store employees periodically on the importance of following the rules and regulations governing SNAP transactions to ensure that non-food items are not sold in exchange for SNAP benefits.

9.    Since May 2, 2016, the Plaintiff has at no time been notified of any failure to comply with the requirements of the SNAP program and its regulations with the exception of the USDA's allegations of violations of the SNAP program in this proceeding.

10.   Bin's Mart has been a popular neighborhood variety store in Taunton over the past forty years.  During this period, local residents and others have been able to shop for and purchase groceries and other necessary food items at Bin's Mart which is conveniently located nearby.  In this regard, many of these individuals are low-income, elderly and are unable to walk far due to illness or disability.  In the event that Bin's Mart is no longer able to accept or redeem SNAP benefits, said individuals would suffer substantial hardship as they would have to travel considerably farther to another store which is authorized to accept and redeem SNAP benefits to purchase said groceries and food items.

11.   On or about October 25, 2022, the USDA sent to the Plaintiff by mail a charging letter informing it that Bin's Mart had been investigated and that several alleged violations of 7 CFR §278.2(a) had occurred.  In this regard, the charging letter alleged that between August 25 and September 1, 2022, an undercover investigator retained by the USDA had visited Bin's Mart and had purchased on four occasions a few ineligible non-food items through SNAP.  Accompanying the charge letter were several exhibits prepared in reference to the USDA's investigation. Notably, the number of ineligible non-food items purchased on these occasions consisted entirely

of 2 boxes of sandwich bags, 4 boxes of oven bags, a box of aluminum foil, and a small package of Tide detergent pods, the cost of which *in toto* was of minimal value.  In addition, on one occasion the store clerk refused to give the investigator "some cash off of my EBT card."

12. Prior to its charging letter dated October 25, 2022, the USDA failed to send a warning letter to the Plaintiff as to its alleged failure to comply with the requirements of the SNAP program and that any further violations could lead to a finding of violations as well as sanctions.

13. Thereafter, the Plaintiff sent the USDA a timely letter dated November 3, 2022 contesting the alleged violations raised in the charge letter, contending *inter alia* that: (1) the store's employees had been properly taught and trained to understand and follow SNAP guidelines and regulations; (2) any violations of SNAP requirements alleged by the USDA were unintentional and the result of the distraction of its staff while the store was extremely busy; (3) a new POS system had since been purchased which would prevent any future errors in the acceptance and redemption of SNAP benefits; (4) the suspension of SNAP benefits would cause an undue hardship to elderly and disabled customers of Bin's Mart, and (4) that a lesser sanction be applied in lieu of a six month disqualification which would cause the Plaintiff serious economic harm.

14. On or about January 24, 2023, the USDA sent the Plaintiff a letter informing it that while the evidence presented in its May 31, 2022 correspondence had been "considered", the USDA had nonetheless determined that it had committed violations of SNAP regulations as found in 7 C.F.R. §278. 2(a) and had imposed a six-month disqualification of SNAP benefits for said alleged violations.

15. On January 30, 2023, the Plaintiff duly sent a written request for review of the USDA's determination.  Said letter raised several of the same arguments set forth in the Plaintiff's November 3, 2022 letter.

16. On or about April 14, 2023, the USDA sent to the Plaintiff by letter a Final Agency Decision in which it found that it had failed to prove by a preponderance of the evidence that its

administrative actions and determination should be reversed, that there was sufficient evidence that violations of 7 C.F.R. §278.2(a) had occurred, and that a six month disqualification was warranted based upon the evidence presented.  In support of its determination and imposition of a six month disqualification, the USDA asserted that the improper acceptance of SNAP benefits for ineligible non-food items was due to the careless and poor supervision by the Plaintiff of its employees.  In addition, the USDA in its determination concluded that there was insufficient evidence that its investigator engaged in the crime of entrapment during the investigation of the Plaintiff's store, as though alleged by the Plaintiff in its request for review.  Further, the Final Agency Decision rejected the Plaintiff's request that the USDA apply a civil monetary sanction in lieu of disqualification of the ground that based upon its investigation there were numerous other SNAP authorized stores within a one-mile radius of Bin's Mart and hence disqualification would not cause Bin's Mart's customers and other SNAP recipients living close by hardship, irrespective of whether said customers were elderly, disabled, or lacked adequate transportation to other stores that accepted SNAP benefits.

## COUNT I:  THE DEFENDANT'S DETERMINATION AS TO ALLEGED VIOLATIONS OF 7 C.F.R §278.2(a) IS INVALID AND SHOULD BE OVERTURNED

17.     The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 16 as though fully stated herein.

18.     The Plaintiff contends that the USDA's determination that violations of 7 C.F.R. §278.2(a) had occurred and its imposition of a six month disqualification of its store is clearly invalid as it failed to duly consider and take into account several factors relevant and important to this case, including (1) that the Plaintiff had at no time since the purchase of Bin's Mart in March, 2016 received any prior notice or warning of any failure on its part or the part of an employee to comply with the requirements of SNAP; (2) that its employees were diligently trained to understand and follow the SNAP guidelines and regulations; (3) that any violations of SNAP requirements alleged by the USDA were unintentional and the result of the distraction of its staff while the store was extremely busy; (4) and, that the Plaintiff had purchased a point of sale (POS) system which will prevent any future errors as to the acceptance and redemption of SNAP benefits.

19. The USDA's determination that violations of 7 C.F.R. §278.2(a) had occurred and its imposition of a six month disqualification of his store was warranted is clearly invalid as it failed to take into account: (1) the limited scope or extent of the alleged SNAP violations –only a handful of ineligible non-food items which were allegedly processed as SNAP transactions of *de minimis* value during its investigation; (2) the failure of the USDA to send the Plaintiff a warning letter as to its concern of possible SNAP violations prior to its charge letter of May 23, 2022; and, (3) the clear lack of intent by the Plaintiff or an employee of the store to violate SNAP requirements.

### COUNT II:  THE DEFENDANT'S IMPOSITION OF A SIX MONTH DISQUALIFICATION IS ARBITRARY AND CAPRICOUS AND SHOULD BE OVERTURNED.

20. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 19 as though fully stated herein.

21. The USDA's imposition of a six month disqualification of the Plaintiff's participation in the SNAP benefits program was arbitrary and capricious as *inter alia* the USDA failed to cite sufficient evidence that the alleged SNAP violations occurred due to the careless or poor supervision by the Plaintiff or its employees, that for almost seven years the Plaintiff had not received any notice from the USDA of any allegations of SNAP violations, and that the USDA failed to provide the Plaintiff with any warning as to its concerns that Bin's Mart employees were not complying with SNAP requirements prior to its October 25, 2022 charging letter.

### COUNT III:  THE DEFENDANT'S DETERMINATION THAT THE PLAINTIFF WAS INELIGIBLE FOR A CIVIL MONETARY PENALTY IN LIEU OF DISQUALIFICATION WAS WITHOUT SUFFICIENT EVIDENTIARY FOUNDATION AND SHOULD BE OVERTURNED

22. The Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 21 as though fully stated herein.

23. As basis for its determination that the Plaintiff was ineligible for a civil monetary penalty

in lieu of a six-month disqualification for its store, the USDA concluded that SNAP recipients would not suffer any hardship since there were several other SNAP authorization stores within a mile radius of Bin's Mart where they could purchase staple food items.  Notably, the USDA relied solely upon "agency mapping systems" in support of its conclusion.

24. The USDA's determination fails to take into account the fact that numerous SNAP customers of Bin's Mart are elderly, disabled and low-income and said individuals reside close to the store.  In light of their age and disability, said individuals as well as many others who reside in the vicinity would not be able to travel or reach other SNAP authorized stores farther away without undue hardship.

WHEREFORE, the Plaintiff, Khan & Son Company, Inc., hereby respectfully requests that this Court do the following:

1. Enter an order finding that the USDA's determination that the Plaintiff violated 7 CFR §278.2(a) is invalid;
2. Enter an order finding that the USDA's imposition of a six-month disqualification is arbitrary and capricious;
3. Enter an order finding that the USDA's determination that the Plaintiff is ineligible for a civil monetary penalty is without sufficient evidentiary foundation;
4. Enter an order setting aside all USDA's determinations and penalties in this case;
5. Award the Plaintiff such further relief it deems proper and just.

> Respectfully Submitted,
> Khan & Son Company, Inc.
> By its Attorney,
>
> /s/ Mark W. Miller
> Mark W. Miller: BBO# 634317
> The Law Office of Mark W. Miller
> 390 Centre Street, Suite 1
> Boston, MA 02108
> (617) 477-3645
> mark@markmillerlaw.com

Dated:  May 11, 2023